1  John A. Mavros (SBN 257673)
       E-Mail: jmavros@fisherphillips.com
2  Ashton M. Riley (SBN 310528)
       E-Mail: ariley@fisherphillips.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone: (949) 851-2424
5  Facsimile: (949) 851-0152

6  Attorneys for Defendant
   BACKYARD LAWN MASTER, LLC dba
7  LAWN MASTER OUTDOOR LIVING
   (erroneously sued as BACKYARD LAWN
8  MASTER, LLC dba LAWN MASTER
   OUTDOOR LIVING, LLC)
9

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  SAM CEBALLOS, an individual and on behalf of all aggrieved 14  employees, | Case No: *(Removed from Riverside Superior Court Case No. CVRI 2000605)* |
| 15                    Plaintiff, | |
| 16        v. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446** |
| 17  BACKYARD LAWN MASTER, LLC, a Delaware company dba 18  LAWN MASTER OUTDOOR LIVING, LLC, an unknown 19  company; SHANE LEATH, an individual; and DOES 1 through 20  100, inclusive, | Complaint Filed:   December 29, 2020 Trial Date:      None Set |
| 21                    Defendants. | |

22

23        TO PLAINTIFF AND HIS COUNSEL OF RECORD AND TO THE

24  CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

25  DISTRICT OF CALIFORNIA:

26        PLEASE TAKE NOTICE that Defendant BACKYARD LAWN MASTER,

27  LLC dba LAWN MASTER OURDOOR LIVING (erroneously sued as

28  BACKYARD LAWN MASTER, LLC dba LAWN MASTER OUTDOOR

                                  1
FP 39840201.1

1   LIVING, LLC) (hereinafter "Defendant") through its counsel of record, submits

2   this petition for removal of this case from the Superior Court of the State of

3   California, County of Riverside to the United States District Court for the Central

4   District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  The grounds

5   for removal are as follows:

6   **I.    STATEMENT OF JURISDICTION**

7          1.    This Court has original jurisdiction over this action based on diversity

8   of citizenship pursuant to 28 U.S.C. § 1332(a).  This action may be removed to this

9   Court by Defendant pursuant to 28 U.S.C. 1441(b), because it is a civil action

10  between citizens of different states and the amount in controversy exceeds

11  $75,000.00, exclusive of interests and costs, as set forth below.  See 28 U.S.C. §§

12  1332, 1441(a) and (b).

13  **II.    VENUE**

14         2.    This action was initially filed in the Superior Court of California,

15  County of Riverside.  Thus, venue properly lies in the United States District Court

16  for the Central District of California – Eastern Division.  *See* 28 U.S.C. §§ 84(c),

17  1391, and 1441(a).

18  **III.    PLAINTIFF'S COMPLAINT**

19         3.    This lawsuit arises out of Plaintiff SAM CEBALLOS' (hereinafter

20  "Plaintiff") employment with Defendant.  On December 29, 2020, Plaintiff filed a

21  Complaint in the Superior Court of California, County of Riverside, against

22  Defendants and DOES 1 through 100, styled and captioned *Sam Ceballos v.*

23  *Backyard Lawn Master, LLC, et al.*, which was assigned Case No. CVRI 2000605

24  ("Complaint").  In the Complaint, Plaintiff alleges six causes of action for: 1) Race

25  Discrimination, Retaliation, and Wrongful Termination in Violation of Gov. Code

26  § 12940(a); (2) Discrimination, Retaliation, and Wrongful Termination in

27  Violation of Gov. Code § 12940(h); (3) Failure to Prevent Discrimination in

28  Violation of Gov. Code § 12940(k); (4) Denial of Equal Pay in Violation of Labor

2

FP 39840201.1

1   Code § 1197.5, *et seq.*; (5) Retaliation and Wrongful Termination in Violation of

2   Labor Code § 98.6; (6) Retaliation and Wrongful Termination in Violation of Labor

3   Code § 1102.5; (7) Discrimination, Retaliation, and Wrongful Termination in

4   Violation of Labor Code § 232.5; (9) Retaliation and Wrongful Termination in

5   Violation of Public Policy; (10) Failure to Reimburse Business Expenses (Lab.

6   Code §§ 2800, 2802); (11) Failure to Pay Wages in Violation of Labor Code §§

7   201-203; (12) Failure to Pay Overtime (Labor Code § 510); (13) Failure to Keep

8   and Provide Accurate Itemized Wage Statements (Labor Code § 226); (14) Failure

9   to Pay Wages (Violation of Labor Code § 204); (15) Failure to Provide Meal

10  Periods (Violation of Labor Code §§ 226.7, 512); (16) Failure to Provide Rest

11  Breaks (Violation of Labor Code § 226.7); (17) Unfair Business Practices

12  (Business & Professions Code §§ 17200, *et seq.*); and (18) Violation of the Private

13  Attorneys General Act of 2004 (Labor Code §§ 2698, *et seq.* (hereinafter "PAGA").

14  *See* Declaration of Ashton M. Riley ("Riley Decl.") at ¶ 2 (hereinafter the

15  "Complaint").

16          4.      On February 8, 2021, Plaintiff served a copy of the Summons and

17  Complaint and related papers, to Defendant's authorized agent for service of

18  process in California, Corporation Service Company. Riley Decl. at ¶ 3, Ex. 1.  On

19  March 5, 2021, Defendant filed an Answer to Plaintiff's Complaint in the Superior

20  Court of California, asserting a general denial and affirmative defenses.  Riley

21  Decl. at ¶ 4, Ex. 2.

22          5.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process,

23  pleadings (with the exception of the Complaint), and orders served on Defendant

24  constitute are attached hereto.  *See* Riley Decl. at ¶ 5, Ex. 3.

25          6.      Pursuant to 28 U.S.C. § 1446(d), Defendant will, promptly after filing

26  the Notice of Removal, serve written notice thereof to all adverse parties and will

27  file a copy of this Notice of Removal with the clerk of the Superior Court of

28  California, County of Riverside, from which this case was removed.  Riley Decl.

FP 39840201.1

1  at ¶ 6, Ex. 4.

2  ## IV.   TIMELINESS OF REMOVAL

3        7.      This Notice of Removal has been filed within thirty (30) days of

4  service of Defendant and, as no other defendants have been properly served on an

5  earlier date, the requirement of 28 U.S.C. § 1446(b) requiring removal within 30

6  days of service of the first Defendant has been satisfied.  In addition, this Notice of

7  Removal has been filed within one year of commencement of the action in state

8  court as required by 28 U.S.C. §1446(b).  Therefore, this Notice of Removal has

9  been timely filed.

10  ## V.   REMOVAL IS BASED ON DIVERSITY OF CITIZENSHIP

11  ## JURISDICTION

12        8.      The Complaint, and each alleged cause of action contained therein,

13  may be properly removed on the basis of diversity of citizenship jurisdiction, in

14  that it is a civil action between citizens of different states and the matter in

15  controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  28

16  U.S.C. § 1332(a)(1).

17        **A.      There Is Diversity of Citizenship**

18        9.      Allegations of residency create a rebuttable presumption of domicile

19  supporting diversity of citizenship.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853,

20  857 (9th Cir. 2001); *Lew v. Moss,* 797 F.2d 747, 751 (9th Cir. 1986); *State Farm*

21  *Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994).  Here, Plaintiff stated

22  in his Complaint that he "is and has been a resident of Riverside County, State of

23  California." *See* Complaint at ¶ 8.  For diversity purposes, a person is a "citizen"

24  of the state in which he is domiciled.  See 28 U.S.C. § 1332 (a)(1); see also *Kanotor*

25  *v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-*

26  *Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)(confirming that a person's

27  domicile is the place he resides with the intention to remain).  Accordingly, Plaintiff

28  is a citizen of California.

4

NOTICE OF REMOVAL

FP 39840201.1

1    10.    At the time this action was filed and at the time this Notice of Removal

2    was filed, Defendant is and was a citizen of the states of Delaware and Texas,

3    within the meaning of 28 U.S.C. section 1332(c)(1) because it is now, and was, at

4    all material times incorporated under the laws of the state of Delaware, and at all

5    material times has maintained, and maintains, its principal place of business and

6    headquarters in the states of Texas and Michigan.  Declaration of Shane Leath in

7    Support of Defendant's Notice of Removal of Action ("Leath Decl."), at ¶¶ 2-5.

8    11.    Defendants Does 1 through 100 are fictitious.  The Complaint does

9    not set forth the identity or status of any fictitious defendants.  Thus, pursuant to

10   Section 1441(a), the citizenship of defendants sued under fictitious names must be

11   disregarded for purposes of determining diversity jurisdiction and cannot destroy

12   the diversity of citizenship between the parties in this action.  See *Newcombe v.*

13   *Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

14   12.    Due to the fact that Plaintiff's California citizenship is distinct from

15   Defendant's Delaware, Michigan and Texas citizenships, complete diversity of

16   citizenship exists between the parties.  See 28 U.S.C. § 1332(a).

17   **B.    The Amount In Controversy Exceeds $75,000.00**

18   13.    The matter in controversy exceeds the sum or value of $75,000.00,

19   exclusive of interests and costs.

20   14.    In determining the amount in controversy for diversity jurisdiction, all

21   potential damages based on the claims in the complaint, as well as attorney's fees,

22   are properly included.  *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696,

23   701 (9th Cir. 2007).    In assessing the amount in controversy for diversity

24   jurisdiction purposes, "a court must assume that the allegations in the complaint

25   are true and that a jury will return a verdict for the plaintiff on all claims made in

26   the complaint."  See *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal

27   2010) (internal citations omitted).

28   15.    The status of the parties' citizenship and the amount in controversy

FP 39840201.1

1   can be determined from the complaint or from other sources.  See *Kanter v.*

2   *Warner-Lambert Co.*  265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and

3   notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372

4   F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy

5   inquiry in the removal context is not confined to the facts of the complaint.").

6       16.   In determining whether a complaint meets the $75,000.00 threshold

7   detailed in 28 U.S.C. section 1332(a), a court may consider the aggregate value of

8   claims for compensatory and punitive damages.   See e.g., *Bell v. Preferred Life*

9   *Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are

10  recoverable under a complaint each must be considered to the extent claimed in

11  determining jurisdictional amount."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237,

12  1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes,

13  punitive damages, where authorized, are counted toward the requirement").   In

14  other words, the ultimate inquiry is what amount is put in controversy by the

15  plaintiff's complaint, not what the amount of a defendant's liability (if any) will

16  ultimately be.

17      17.   "[A]s specified in §1446(a), a defendant's notice of removal need

18  include only a plausible allegation that the amount in controversy exceeds the

19  jurisdictional threshold." *Dark Cherokee Basin Operating Co., LLC v. Owens*, 135

20  S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(a).   Supporting evidence is

21  required only if the plaintiff contests, or the district court questions, the allegations

22  contained within the notice.  *Dark Cherokee,* 135 S. Ct. at 554.   Otherwise, "the

23  defendant's amount-in-controversy allegation should be accepted" just as a

24  plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes

25  federal jurisdiction.  *Id.* at 553

26      18.   In the Complaint, Plaintiff alleges that he was constructively

27  discharged from his employment for numerous unlawful reasons and as such, he is

28  entitled to "lost earnings, lost benefits, and other financial loss, "reimbursement for

NOTICE OF REMOVAL

FP 39840201.1

1   lost wages," and "lost wages and benefits."  *See* Complaint at ¶¶ 82, 85, 90, 106.

2   Based on Plaintiff's final rate of pay of a bi-weekly salary of $1,923.08, his lost

3   wages would be approximately $53,846.80 (As of this filing, Plaintiff is seeking

4   56 weeks of lost wages).  *See* Leath Decl. ¶¶ 6-7.

5          19.    Plaintiff further alleges that Defendant violated numerous provisions

6   of the California Labor Code which entitle him to penalties.  Specifically, $10,000

7   per violation of Labor Code § 98.6, and $10,000 per violation of Labor Code §

8   1102.5.  *Id.* at ¶¶ 91, 101.

9          20.    Plaintiff further alleges that he was not paid roughly $1,000 in bi-

10  weekly business expenses, which based on Plaintiff's employment dates of July 22,

11  2019 through February 7, 2020, would equate to approximately $14,000 (Plaintiff's

12  employment of 28 weeks divided by 2, multiplied by $1,000).  *Id.* at ¶¶ 20, 33, 124.

13         21.    Plaintiff further alleges that he was not paid wages and commissions

14  in the amount of $15,400 during his employment.  *Id.* at ¶¶ 27-29.  Plaintiff alleges

15  based on this failure he is entitled to statutory penalties in the amount of continued

16  wages for 30 days, or $5,769.23.  *Id.* at ¶¶ 130-134.

17         22.    Plaintiff further alleges that he was not paid overtime in an amount of

18  between 20 and 30 hours per week.  *Id.* at ¶¶ 41-42, 138-139.  At Plaintiff's hourly

19  rate of $24 per hour ($50,000 salary divided by 52 weeks, divided by 40 hours),

20  this would equate to $720 to $1,080 per week (1.5 times Plaintiff's hourly rate for

21  20 to 30 hours), or a total of $20,160 to $30,240 (using Plaintiff's 28 weeks of

22  employment).

23         23.    Plaintiff further alleges he was not provided accurate itemized wage

24  statements and is therefore entitled to recover the greater of actual damages or

25  $4,000.  *Id.* at ¶¶ 147-149.

26         24.    Plaintiff further alleges he was not provided compliant meal and rest

27  breaks, entitling him to one hour of pay for every day he did not receive a compliant

28  meal or rest break.  *Id.* at ¶¶ 161-163, 166-168.  Based on Plaintiff's hourly rate,

FP 39840201.1

1   the liability on this claim, could be as low as $48 (1 non-compliant meal break and

2   1 non-compliant rest break) or a high of $3,360 in meal period premiums and

3   $3,360 in rest period premiums (assuming 5 violations, each, per workweek).

4         29.    Lastly, Plaintiff alleges a cause of action pursuant to the California

5   Private Attorneys General Act (hereinafter "PAGA"), entitling him to (1) $100 per

6   initial violation and $200 for subsequent violations under Labor Code §§ 204, 210;

7   (2) $250 per initial violation and $1,000 for subsequent violations under Labor

8   Code § 226(a); (3) $50 per initial violation and $100 per subsequent violations

9   under Labor Code § 558; and (4) $100 per initial violation and $200 per subsequent

10   violation under Labor Code §§ 2699, *et seq.*  *Id.* at ¶¶ 187-193.  Accordingly,

11   Plaintiff's claimed penalties on behalf of himself would be $20,000 (assuming one

12   violation of each listed penalty in each of the 14 pay periods worked by Plaintiff

13   using the initial violate rate for the first violation and subsequent for all remaining

14   violations).

15         30.  Plaintiff does not allege any specific amount in controversy in the

16   Complaint.  *See generally*, Complaint.  Because the amount in controversy is

17   indeterminate, Defendant performed a preliminary analysis of its records for the

18   purpose of calculating the amount in controversy in this action.

19         31.    Defendant denies the validity and merits of Plaintiff's claims, the legal

20   theories upon which they are based, and the resulting claims for monetary and other

21   relief.  However, assuming Plaintiff's claims to be true for purposes of this removal

22   only, it is apparent from Defendant's calculations that Plaintiff seeks monetary

23   relief exceeding the jurisdictional minimum.  Specifically, Defendant's analysis,

24   based on its internal records, and the allegations set forth in the Complaint, reveals

25   that the amount in controversy for this action exceeds the statutory minimum under

26   diversity jurisdiction.  *See* 28 U.S.C. § 1332(a); *see also* Leath Decl., at ¶¶ 6-7:  (1)

27   lost wages of $53,846.80; (2) statutory penalties of at least $20,000 (pursuant to

28   Labor Code §§ 98.6 and 1102.5); (3) unpaid expense reimbursements of $14,000;

NOTICE OF REMOVAL

1   (4) unpaid wages and commissions of $15,400; (5) penalties for failure to pay

2   wages upon separation of employment of $5,769.23 (based on Plaintiff's final rate

3   of pay); (6) unpaid overtime of $20,160 to $30,240; (7) wage statement penalties

4   of at least $4,000; (8) meal and rest premiums between $48 and $6,720; (9) PAGA

5   penalties of at least $20,000; and (10) and attorneys' fees. *Id.* at ¶ 52, 63, 72, 83,

6   100, 107, 113, 121, 134, 142-144, 149, 157, 199.

7        26.    Thus, the matter in controversy here exceeds the sum or value of

8   $75,000.00, exclusive of interests and costs.

9        27.    Pursuant to 28 U.S.C. §§ 1332 and 1441(a), this state court action may

10   be removed to the United States District Court for the Central District of California

11   because the amount in controversy exceeds $75,000.00, exclusive of costs and

12   interest, and because there was at the time this action was filed, and there is now,

13   diversity of citizenship between Plaintiff and Defendant.

14   **VI.    NOTICE TO THE COURT AND PARTIES**

15        28.    Promptly upon filing of this Notice of Removal in the United States

16   District Court for the Central District of California, written notice of such filing

17   will be given by the undersigned to Plaintiff's counsel of record and a copy of the

18   Notice of Removal will be filed with the Clerk of the Court for the Superior Court

19   of the County of Riverside, California.

20   Dated:  March 8, 2021          Respectfully submitted,

21                           FISHER & PHILLIPS LLP

22

23                 By:    */s/ Ashton M. Riley*
                        John A. Mavros

24                           Ashton M. Riley
                        Attorneys for Defendant

25                           BACKYARD LAWN MASTER, LLC dba
                        LAWN MASTER OUTDOOR LIVING

26                           (erroneously sued as BACKYARD LAWN
                        MASTER, LLC dba LAWN MASTER

27                           OUTDOOR LIVING, LLC)

28

NOTICE OF REMOVAL

FP 39840201.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On March 8, 2021, I served the foregoing document entitled **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Christian J. Petronelli, Esq. | Attorneys for Plaintiff |
| Dayna C. Carter, Esq. | SAM CEBALLOS |
| PETRONELLI LAW GROUP, PC | |
| 395 Redondo Avenue, Suite 201 | T: 888-855-3670 |
| Long Beach, CA 90803 | F: 888-449-9675 |
| | E: christian@petronellilaw.com |
| | E: dayna@petronellilaw.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed March 8, 2021 at Irvine, California.

| | |
|---|---|
| Everlyn Camanag | By: */s/ Everlyn Camanag* |
| Print Name | Signature |

1
CERTIFICATE OF SERVICE

FP 39840201.1