# EXHIBIT 3

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BACKYARD LAWN MASTER, LLC, a Delaware company dba LAWN MASTER
OUTDOOR LIVING, LLC, an unknown company; SHANE LEATH, an individual;
and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAM CEBALLOS, an individual and on behalf of all aggrieved
employees,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 2 9 2020

L. VILLANUEVA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Riverside Superior Court | CASE NUMBER:<br>*(Número del Caso):* CVRI 2000605 |

Riverside Historic Courthouse
4050 Main Street, Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christian Petronelli, Esq. (SBN 28452), 295 Redondo Ave., Suite 201, Long Beach CA 90803, (888) 855-3670

| DATE:<br>*(Fecha)* DEC 2 9 2020 | Clerk, by<br>*(Secretario)* L. VILLANUEVA | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* BACKYARD LAWN MASTER, LLC, a Delaware company dba LAWN MASTER OUTDOOR LIVING, LLC

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corporation Code 17061
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Christian J. Petronelli, Esq. (SBN 284522); Dayna C. Carter, Esq. (SBN 253629)
Petronelli Law Group, PC
___ Ave. Ste. 201
___ CA 90803
TEL NO.: (888)855-3670    FAX NO.: (888) 449-9675
ATTORNEY FOR *(Name):* Plaintiff SAM CEBALLOS

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
DEC 2 9 2020
L. VILLANUEVA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

**CASE NAME:**
SAM CEBALLOS v. BACKYARD LAWN MASTER, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CVRI 2000605 |
|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) / Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.✓ monetary   b.✓ nonmonetary; declaratory or injunctive relief   c.✓ punitive
4. Number of causes of action *(specify):* eighteen (18)
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/28/2020
Christian Petronelli, Esq. (SBN 28452)
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| ☐ | BANNING 311 E. Ramsey St., Banning, CA 92220 | ☐ | MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ | BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ | PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ | HEMET 880 N. State St., Hemet, CA 92543 | ☒ | RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ | MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | ☐ | TEMECULA 41002 County Center Dr., #100, Temecula. CA 92591 |

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Christian J. Petronelli, Esq. (SBN 284522); Dayna C. Carter, Esq. (SBN 253629)
Petronelli Law Group, PC
295 Redondo Ave. Ste. 201
Long Beach, CA 90803

TELEPHONE NO: (888)855-3670    FAX NO. *(Optional)*: (888) 449-9675
E-MAIL ADDRESS *(Optional)*: christian@petronellilaw.com
ATTORNEY FOR *(Name)*: Plaintiff SAM CEBALLOS

PLAINTIFF/PETITIONER: Robert Hernandez

DEFENDANT/RESPONDENT: BACKYARD LAWN MASTER, LLC, et al.

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 2 9 2020

L. VILLANUEVA

CASE NUMBER:
CVRI 2000605

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:        92501

☐    The action concerns real property located in the zip code of:        _____

☐    The Defendant resides in the zip code of:        _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date        12 28 /2020

Christian J. Petronelli
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

▷ _____ (SIGNATURE)

Pa ge1 of 1

1  CHRISTIAN J. PETRONELLI, SBN 284522
   *christian@petronellilaw.com*
2  DAYNA C. CARTER, SBN 253629
   *dayna@petronellilaw.com*
3  **PETRONELLI LAW GROUP, PC**
4  295 Redondo Avenue, Suite 201
   Long Beach, California 90803
5  Telephone: (888) 855-3670
   Facsimile: (888) 449-9675
6
7  *Attorneys for Plaintiff*
   SAM CEBALLOS
8

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 2 9 2020

L. VILLANUEVA

9
10                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11                             **COUNTY OF RIVERSIDE**

12  SAM CEBALLOS, an individual and on      Case No.:
    behalf of all aggrieved employees,                   **CVRI 2000605**
13
14              Plaintiff,                   **COMPLAINT FOR DAMAGES**

15        v.                                 (1) Race Discrimination, Retaliation, and
                                                 Wrongful Termination in Violation of
16  BACKYARD LAWN MASTER, LLC, a                 Gov. Code § 12940(a);
    Delaware company dba LAWN MASTER     (2) Discrimination, Retaliation, and
17  OUTDOOR LIVING, LLC, an unknown          Wrongful Termination in Violation of
    company; SHANE LEATH, an individual;     Gov. Code § 12940(h);
18  and DOES 1 through 100, inclusive,   (3) Failure to Prevent Discrimination in
                                             Violation of Gov. Code § 12940(k);
19              Defendants.               (4) Denial of Equal Pay in Violation of
20                                            Labor Code § 1197.5, et seq.;
                                          (5) Retaliation and Wrongful Termination
21                                            in Violation of Labor Code § 98.6;
                                          (6) Retaliation and Wrongful Termination
22                                            in Violation of Labor Code § 1102.5;
                                          (7) Discrimination, Retaliation, and
23                                            Wrongful Termination in Violation of
24                                            Labor Code § 232;
                                          (8) Discrimination, Retaliation, and
25                                            Wrongful Termination in Violation of
26                                            Labor Code § 232.5;
                                          (9) Retaliation and Wrongful Termination
27                                            in Violation of Public Policy;
28                                        (10) Failure to Reimburse Business
                                             Expenses (Lab. Code §§ 2800, 2802);

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

(11) Failure to Pay Wages in Violation of Labor Code §§ 201-203;

(12) Failure to Pay Overtime (Labor Code § 510);

(13) Failure to Keep and Provide Accurate Itemized Wage Statements (Labor Code § 226);

(14) Failure to Pay Wages (Violation of Labor Code § 204);

(15) Failure to Provide Meal Periods (Violation of Labor Code §§ 226.7, 512);

(16) Failure to Provide Rest Breaks (Violation of Labor Code § 226.7);

(17) Unfair Business Practices (Business & Professions Code §§ 17200 *et seq.*); and

(18) Violation of the Private Attorneys General Act of 2004 (Labor Code §§ 2698, *et seq.*)

**DEMAND FOR JURY TRIAL**

- 2 -

COMPLAINT FOR DAMAGES

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

1    Plaintiff SAM CEBALLOS hereby alleges as follows:

2                                    **INTRODUCTION**

3         1.     This is an action brought by Plaintiff pursuant to California statutory, decisional, and

4    regulatory laws. Plaintiff SAM CEBALLOS (hereinafter "Plaintiff") was an employee of

5    BACKYARD LAWN MASTER, LLC, LAWN MASTER OUTDOOR LIVING, LLC, SHANE

6    LEATH, and DOES 1-100 (collectively referred to as "Defendants") at all times herein mentioned.

7         2.     Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the

8    conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief

9    on the basis that Defendants violated such statutes, decisional law and regulations.

10        3.     The amount in controversy exceeds the sum of twenty-five thousand dollars

11   ($25,000), exclusive of interest and costs.

12                              **JURISDICTION AND VENUE**

13        4.     The California Superior Court has jurisdiction over this action pursuant to California

14   Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all

15   causes except those given by statute to other trial courts."  The Statutes under which this action is

16   brought do not specify any other basis for jurisdiction.

17        5.     The California Superior Court has jurisdiction over Defendants because it is a

18   corporation and/or entity and/or person that has sufficient minimum contacts in California, is a

19   citizen of California, or otherwise purposely availed itself of the California market so as to render

20   the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair

21   play and substantial justice.

22        6.     Venue is proper in this Court because, upon information and belief, one or more of

23   the named Defendants reside, transact business, or have offices in this county.

24        7.     Defendants' wrongful conduct, as alleged herein, occurred and the causes of action

25   arose, at least in part, in the County of Riverside.

26                                      **PARTIES**

27        8.     At all times herein mentioned, Plaintiff is and has been a resident of Riverside

28   County, State of California. Plaintiff's claims arose, at least in part, in Riverside County, California.

- 3 -

COMPLAINT FOR DAMAGES

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

1        9.     Defendant BACKYARD LAWN MASTER, LLC ("BACKYARD LAWN

2  MASTER") is, and at all relevant times was, a Delaware company licensed to conduct business

3  and in fact conducting business in Riverside County, California. At all times hereinafter

4  mentioned, BACKYARD LAWN MASTER, LLC was an employer whose employees were

5  engaged throughout this county and the State of California.

6        10.     Defendant LAWN MASTER OUTDOOR LIVING, LLC ("LAWN MASTER") is,

7  and at all relevant times was, a company licensed to conduct business and in fact conducting

8  business in Riverside County, California. At all times hereinafter mentioned, LAWN MASTER

9  OUTDOOR LIVING, LLC was an employer whose employees were engaged throughout this

10  county and the State of California.

11        11.     Defendant SHANE LEATH is, and all relevant times was, an individual and an

12  owner and managing agent of Defendants LAWN MASTER and BACKYARD LAWN MASTER.

13        12.     Plaintiff does not know the true names or capacities of the persons or entities sued

14  herein as Does 1-100, inclusive, and therefore sues said Defendants by such fictitious names.  Each

15  of the Doe Defendants was in some manner legally responsible for the violations as herein alleged,

16  and caused injuries and damages proximately thereby to Plaintiff as herein alleged.  Plaintiff will ask

17  leave of Court to amend this Complaint to show their true names and capacities at such time as they

18  are ascertained.

19        13.     At all times mentioned herein, the Defendants named as Does 1-100, inclusive, and

20  each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or

21  injured Plaintiff in the State of California.

22        14.     At all times mentioned herein, each Defendant was the agent, servant, or employee

23  of the other Defendants and in acting and omitting to act as alleged herein did so within the course

24  and scope of that agency or employment.

25                             **JOINT LIABILITY**

26        15.     Unless otherwise indicated herein, each Defendant herein sued is the agent, co-

27  conspirator, joint venture, general employer, special employer, dual employer, partner, and/or

28  employee of every other Defendant and, as alleged, has been acting within the course and scope of

- 4 -

COMPLAINT FOR DAMAGES

1  said agency, conspiracy, joint venture, dual employment, joint employment, partnership, and/or

2  employment with the knowledge and/or consent of co-Defendants, and each of them. Moreover,

3  Plaintiff is informed and believes, and thereon alleges, that each Defendant has authorized and/or

4  ratified the wrongful activities of each of the remaining Defendants.

5  ## CORPORATE LIABILITY FOR PUNITIVE DAMAGES

6        16.    Defendants' conduct, as described herein, was malicious, fraudulent, oppressive,

7  mean, vile, despicable, and in conscious disregard of Plaintiff's rights and was undertaken by its

8  officers, directors, and/or managing agents, and/or pursuant to policies and procedures adopted by

9  its officers, directors, and/or managing agents as those terms are used in Civil Code, sections 3294

10  and 3295 for purposes of establishing corporate liability for punitive damages. Further, Defendants

11  had advance knowledge of the malicious, fraudulent, and/or oppressive activities of the individual

12  perpetrators whose actions and conduct were authorized, approved, and/or ratified by Defendants'

13  directors, officers, and/or managing agents.

14  ## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15        17.    Plaintiff has exhausted his administrative remedies pursuant to Government Code §§

16  12960 and 12965(b) by timely filing an administrative complaint with the Department of Fair

17  Employment & Housing and receiving a Right to Sue letter within one year prior to the filing of this

18  lawsuit. In this lawsuit, Plaintiff sues only under state law, though such law sometimes adopts

19  federal law.

20  ## FACTS COMMON TO ALL CAUSES OF ACTION

21        18.    Defendants are a privately owned, for-profit company that installs and replaces

22  backyard buildings and fixtures for customers throughout California. Defendants employ, among

23  others, installers, sales persons and territory managers in hourly, non-exempt positions.

24        19.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

25  mentioned, Defendants were advised by skilled lawyers and other professionals, employees and

26  advisors knowledgeable about California labor and wage law, employment and personnel practices,

27  and about the requirements of California law.

28        20.    Plaintiff was employed by Defendants as a Territory Manager from July 22, 2019

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

- 5 -

1 | through February 7, 2020. Plaintiff was promised a $50,000 base salary and 3% commissions on
2 | completed projects.

3 |      21.    Throughout his employment, Plaintiff diligently performed his job duties and had no
4 | performance issues.

5 |      22.    Sometime into his employment, Plaintiff was made aware that he was being excluded
6 | from email correspondence regarding commissions for Territory Managers. Plaintiff also learned
7 | that he was not being paid commissions like the other Territory Managers.

8 |      23.    Plaintiff complained to his supervisor, Corey Cribbs, about his unpaid commissions
9 | and being excluded from the emails regarding commissions.

10 |      24.    After roughly five months and repeated complaints to Mr. Cribbs, Mr. Cribbs began
11 | including Plaintiff on the email correspondence regarding commissions.

12 |      25.    As Plaintiff began receiving the commission emails, he noticed that he was not getting
13 | paid all of his commissions. Plaintiff would complain to Mr. Cribbs, but Defendants never redressed
14 | his unpaid commissions.

15 |      26.    During his employment, Plaintiff also had the opportunity to complain directly to one
16 | of the owners of Defendants when he visited California.

17 |      27.    Plaintiff estimated that he was owed at least $2,400 in unpaid wages and at least
18 | $13,000 in unpaid commissions.

19 |      28.    Plaintiff completed over 30 projects on behalf of Defendants which should have
20 | resulted in commissions to Plaintiff.

21 |      29.    Plaintiff complained to his manager and Defendants' human resource department that
22 | he was not being paid correctly and had not received any commission payments.

23 |      30.    Defendants did nothing in response.

24 |      31.    A short time later, Plaintiff reached out to other employees of Defendant that were
25 | working in California, and discovered that all of the Caucasian workers were being paid fully and
26 | receiving their commissions without issue.

27 |      32.    Also, Plaintiff learned that the Caucasian employees received company credit cards
28 | for their business expenses, while Plaintiff and the other Hispanic employee had to advance their

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

COMPLAINT FOR DAMAGES

1  business expenses and wait a week or more to be reimbursed.

2      33.    Plaintiff advanced roughly $1,000 in bi-weekly business expenses to complete his job

3  duties.

4      34.    At the onset of Plaintiff's employment, he completed a credit card application, but

5  after months of waiting never received a company card.

6      35.    After several complaints, Defendants conceded that Plaintiff's credit card application

7  had been lost and gave Plaintiff a new application in or around November 2019.  Plaintiff did not

8  receive approval for his company card until January 2020.

9      36.    During the time that Plaintiff was required to advance his business expenses, Plaintiff

10  was told by his supervisor not to record all of his expenses.  For example, Plaintiff was required to

11  stay overnight in a hotel, but told not to put it on his expenses report because the client would not

12  pay for it.

13      37.    Plaintiff's supervisor also required Plaintiff to mis-report his expenses.  For example,

14  if Plaintiff's supervisor thought an expense may be questioned, he would tell Plaintiff to wait and

15  burying that expense in a later expenses report.

16      38.    Plaintiff is informed and believes that the Defendants treated him differently and

17  withheld his pay because he is Hispanic.

18      39.    As Defendants failed and refused to pay Plaintiff as promised, Plaintiff was forced to

19  resign and constructively terminated on February 7, 2020.

20      40.    To date, Defendants have failed and refused to pay Plaintiff his outstanding wages,

21  commissions and final paycheck.

22      41.    Plaintiff's job duties did not include sales or require him to supervise or manage other

23  employees of Defendants.

24      42.    Plaintiff was required to work 60 to 70 hours per week without overtime

25  compensation.

26  //

27  //

28

COMPLAINT FOR DAMAGES

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE., 201
LONG BEACH, CA 90803

1

**FIRST CAUSE OF ACTION**

2

**Race Discrimination, Retaliation, and Wrongful Termination –**

3

**Violation of Gov. Code § 12940(a)**

4

**(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

5

43.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

6

44.    At all times relevant, Plaintiff was an employee protected by Government Code §

7

12940(a), which prohibits discrimination in employment on the basis of race or ethnicity.

8

45.    At all times relevant, Defendants were "employers" within the meaning of California

9

Government Code § 12926, and as such, were prohibited from discriminating in regard to terms,

10

conditions, or privileges of employment, including adverse employment actions and terminations on

11

the basis of race or ethnicity.

12

46.    Plaintiff is Hispanic.

13

47.    Defendants discriminated against Plaintiff by treating Plaintiff differently based on

14

his race and/or ethnicity, including paying him a lower wage rate than white/Caucasian employees,

15

failing to pay him commissions, refusing to reimburse Plaintiff for business expenses and by

16

constructively terminating his employment after he complained about his pay.

17

48.    Defendants knew or should have known of these and other discriminatory actions

18

taken against Plaintiff.

19

49.    Despite Defendants' actual and/or constructive knowledge of the above mentioned

20

discrimination and retaliation, and with the knowledge of its supervisors and agents, they failed to

21

take immediate and appropriate corrective action to stop the discrimination, retaliation, and wrongful

22

termination.

23

50.    As a direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has

24

suffered, and continues to suffer, damages in an amount according to proof at trial.

25

51.    Plaintiff is informed and believes, and thereon alleges, that Defendants committed

26

the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive

27

manner intended to injure his and that such improper motives amounted to malice and a conscious

28

disregard of his rights as set forth in Government Code § 12940(a). An award of punitive damages

- 8 -

COMPLAINT FOR DAMAGES

1  against Defendants is therefore warranted.

2      52.    As a result of the discriminatory conduct of Defendants, as alleged herein, Plaintiff

3  is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at

4  trial.

5      53.    Plaintiff further prays for a permanent injunction and declaratory relief preventing

6  Defendants from committing similar violations of FEHA in the future and declaring Defendants

7  violations of FEHA in the instant matter.

8                    **SECOND CAUSE OF ACTION**

9        **Discrimination, Retaliation, and Wrongful Termination –**

10           **Violation of Government Code § 12940(h)**

11  **(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

12      54.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

13      55.    Under Government Code § 12940(h), Defendants, at the time of the wrongful conduct

14  against Plaintiff described herein, knew that it was an "unlawful employment practice," against the

15  law and a disregard for Plaintiff's rights "[f]or an employer… to discharge, expel, or otherwise

16  discriminate against any person because the person has opposed any practices forbidden under

17  [Government Code § 12940]…"

18      56.    At all times material hereto, Defendants were prohibited from discriminating and

19  retaliating against and terminating employees who oppose practices forbidden by FEHA.

20      57.    Defendants retaliated against and terminated Plaintiff because Plaintiff opposed

21  Defendants' discrimination and retaliation based on his race/ethnicity.

22      58.    Defendants retaliated against Plaintiff by refusing to pay him as promised,

23  withholding commissions and refusing to reimburse his business expenses.

24      59.    Defendants constructively terminated Plaintiff after he had made complaints about

25  the discrimination and retaliation described herein.

26      60.    Such conduct as described herein violates Government Code § 12940(h), which

27  makes it unlawful to discharge, expel, or otherwise discriminate against an employee because the

28  employee has opposed discriminatory practices.

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

- 9 -

61.   As a direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, damages in an amount according to proof at trial.

62.   Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure his and that such improper motives amounted to malice and a conscious disregard of his rights as set forth in Government Code § 12940(h).  An award of punitive damages against Defendants is therefore warranted.

63.   As a result of the discriminatory conduct of Defendants, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

64.   Plaintiff further prays for a permanent injunction and declaratory relief preventing Defendants from committing similar violations of FEHA in the future and declaring Defendants violations of FEHA in the instant matter.

### THIRD CAUSE OF ACTION

**Failure to Prevent Discrimination – Violation of Gov. Code Section 12940(k)**

**(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

65.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

66.   Under Government Code § 12940(k), Defendants, at the time of the wrongful conduct against Plaintiff described herein, knew that it was an "unlawful employment practice," against the law and a disregard for Plaintiff's rights "for an employer… to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

67.   Plaintiff was subjected to discrimination as set forth in the causes of action above based on his race/ethnicity.

68.   Defendants were aware of the discrimination against Plaintiff based on his race/ethnicity.  Despite being aware of the discrimination, Defendants failed to conduct an adequate investigation in regards to said discrimination or to take any action whatsoever to eliminate and/or remedy that discrimination.

69.   Therefore, Defendants failed to take reasonable steps to prevent Plaintiff from being

COMPLAINT FOR DAMAGES

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

1    unlawfully discriminated against.

2        70.    As a direct, foreseeable, and proximate result of Defendants' actions and failures to

3    act, Plaintiff has suffered, and continues to suffer, damages in an amount to be determined according

4    to proof at trial.

5        71.    Plaintiff is informed and believe, and thereon allege, that Defendants committed the

6    acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner

7    intended to injure his and that such improper motives amounted to malice and a conscious disregard

8    of his rights as set forth in Government Code § 12940(k). An award of punitive damages against

9    Defendants is therefore warranted.

10       72.    As a result of the discriminatory conduct of Defendants as alleged herein, Plaintiff is

11   entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

12       73.    Plaintiff further prays for a permanent injunction and declaratory relief preventing

13   Defendants from committing similar violations of FEHA in the future and declaring Defendants

14   violations of FEHA in the instant matter.

15                              **FOURTH CAUSE OF ACTION**

16              **Denial of Equal Pay – Violation of Labor Code § 1197.5, *et seq.***

17       **(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

18       74.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

19       75.    At all times relevant, Labor Code § 1197.5(b) was in effect and prohibited an

20   employer from paying any of its employees at wage rates less than the rates paid to employees of

21   another race or ethnicity for substantially similar work, when viewed as a composite of skill, effort,

22   and responsibility, and performed under similar working conditions, except where the employer

23   demonstrates:

24              (a) The wage differential is based upon one or more of the following factors: a

25              seniority system; a merit system; a system that measures earnings by quantity or

26              quality of production; or a bona fide factor other than race or ethnicity, such as

27              education, training, or experience.

28              (b) Each factor relied upon is applied reasonably.

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

- 11 -

COMPLAINT FOR DAMAGES

1    (c) The one or more factors relied upon account for the entire wage differential.

2    76.    In addition, at all times relevant, Labor Code § 1197.5(k) was in effect and prohibited

3    an employer from discharging, or in any manner discriminating or retaliating against, any employee

4    by reason of any action taken by the employee to invoke or assist in any manner the enforcement of

5    Labor Code § 1197.5. Labor Code § 1197.5(k) also forbids an employer from prohibiting an

6    employee from disclosing the employee's own wages, discussing the wages of others, inquiring

7    about another employee's wages, or aiding or encouraging any other employee to exercise his or her

8    rights under this section.

9    77.    Defendant paid Plaintiff less than similarly-situated non-Hispanic territory managers

10    and installers in the same location performing equal work on jobs the performance of which requires

11    equal skill, effort, and responsibility, and which are performed under similar working conditions.

12    78.    In addition, Defendant paid Plaintiff less than similarly-situated non-Hispanic

13    territory managers and installers performing substantially similar work, when viewed as a composite

14    of skill, effort, and responsibility, and performed under similar working conditions.

15    79.    Defendant has subjected Plaintiff to common discriminatory pay policies, including:

16    a discriminatory system of determining wages and other compensation incentives; a discriminatory

17    system for paying commissions and reimbursing business expenses; and other forms of

18    discrimination affecting pay.

19    80.    The differential in pay between Plaintiff and non-Hispanic territory managers and

20    installers was not due to seniority, merit, or the quantity or quality of production, or a bona fide

21    factor other than race or ethnicity, such as education, training, or experience, but was due to race or

22    ethnicity. In the alternative, to the extent that Defendant relied upon one or more of these factors,

23    said factor(s) were not reasonably applied and did/do not account for the entire wage differential.

24    81.    Defendant caused, attempted to cause, contributed to, or caused the continuation of,

25    the wage rate discrimination based on race or ethnicity. Moreover, the foregoing conduct constitutes

26    a willful violation of the California Equal Pay Act, Cal. Lab. Code § 1197.5, *et seq.*, and the

27    California Equal Pay Act, as amended by the California Fair Pay Act, Cal. Lab. Code § 1197.5 *et*

28    *seq.*

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

82.    As a result of Defendant's conduct alleged herein and/or Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

83.    Plaintiff is therefore entitled to all legal and equitable remedies, including the balance of the wages, and interest thereon, and an equal amount as liquidated damages, together with the costs of the suit and reasonable attorney's fees, notwithstanding any agreement to work for a lesser wage. Attorneys' fees should be awarded under California Labor Code § 1197.5(h).

84.    In addition, as alleged herein, Defendant retaliated against and discharged Plaintiff by reason of Plaintiff's actions, which were to invoke or assist in the enforcement of Lab. Code § 1197.5. As alleged herein, Defendant also prohibited Plaintiff from disclosing his own wages, discussing the wages of others, and/or inquiring about another employee's wages.

85.    Plaintiff is therefore entitled to all legal and equitable remedies, including reinstatement and reimbursement for lost wages and work benefits caused by the acts of Defendant, including interest thereon, as well as appropriate equitable relief.

### FIFTH CAUSE OF ACTION

**Retaliation and Wrongful Termination – Violation of Labor Code § 98.6**

**(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

86.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

87.    At all times relevant, Labor Code § 98.6 was in effect and prohibited an employer from discharging, discriminating against, retaliating against, or taking adverse employment action against any employee for, among other things, filing a bona fide complaint or claim or instituting or causing to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, or making an written or oral complaint to his or her employer that he or she is owed unpaid wages.

88.    As stated herein, Plaintiff exercised his rights under Labor Code § 98.6 when he made complaints to Defendants about its failure to pay him his correct base salary, pay him commissions and reimburse his business expenses.

PETRONELLI LAW GROUP, PC
295 REDONDO AVE, STE 2, 201
LONG BEACH, CA 90803

- 13 -

89.     In direct response to Plaintiff's exercise of his rights under Labor Code § 98.6, Defendants retaliated against Plaintiff by withholding his pay and constructively terminating his employment, among other actions.

90.     As a direct and proximate result of Defendants' adverse employment actions against Plaintiff, Plaintiff has suffered damages including, but not limited to, lost wages and lost benefits. Pursuant to Labor Code § 98.6(b)(1), Plaintiff is entitled to reimbursement for all lost wages and lost benefits that resulted from Defendants' violations of Labor Code § 98.6.

91.     Additionally, for each violation of Labor Code § 98.6, Plaintiff is entitled to recover from Defendants a civil penalty of ten thousand dollars ($10,000) per violation.

## **SIXTH CAUSE OF ACTION**

**Retaliation and Wrongful Termination – Violation of Labor Code § 1102.5**

**(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

92.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

93.     At all times set forth in this Complaint, Plaintiff was an employee of Defendants and was protected by California Labor Code § 1102.5.

94.     At all times set forth in this Complaint, California Labor Code § 1102.5 was in effect and provides, in part, that:

"(a) An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(b) An employer, or any person acting on behalf of the employer, shall not retaliate

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

COMPLAINT FOR DAMAGES

against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(c) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

(d) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

95.    As detailed above, Plaintiff engaged in protected activity under Labor Code § 1102.5 when he made complaints to Defendants about its failure to pay him his correct base salary, pay him commissions and reimburse his business expenses.

96.    Plaintiff had reasonable cause to believe that his complaints about Defendants' failure to pay wages disclosed Defendants' violations of state and/or federal laws, rules, and/or regulations.

97.    By engaging in this retaliatory conduct and terminating Plaintiff's employment in retaliation for his reporting of this unlawful conduct, Defendants violated California Labor Code § 1102.5.

98.    Defendants acted with malice, oppression, and fraud and in conscious disregard for Plaintiff's rights under the law, by violating Labor Code § 1102.5, et seq. as is set forth throughout this Complaint.

99.    As a direct and proximate result of Defendants' malicious, oppressive, fraudulent,

COMPLAINT FOR DAMAGES

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

1   and despicable violations of Labor Code § 1102.5, *et seq*. as set forth herein, Plaintiff has suffered

2   and continues to suffer general and special damages.  Pursuant to Civil Code § 3294, an award of

3   punitive damages against Defendants is therefore warranted.

4         100.    As a result of the illegal conduct of Defendants, as alleged herein, Plaintiff is entitled

5   to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

6         101.    Additionally, Plaintiff is entitled to a mandatory award of $10,000 as a civil penalty

7   pursuant to Labor Code § 1102.5 as well as reinstatement.

8   **SEVENTH CAUSE OF ACTION**

9   **Retaliation and Wrongful Termination – Violation of Labor Code § 232**

10  **(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

11        102.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

12        103.    At all times relevant, Labor Code § 232 was in effect and prohibited an employer

13  from discharging, formally disciplining, or otherwise discriminating against an employee who

14  discloses the amount of his or her wages.

15        104.    As stated herein, Plaintiff disclosed information about his wages when he repeatedly

16  complained to Defendants and discussed his wages with Caucasian employees to determine why he

17  was not being paid as promised.

18        105.    In direct response to Plaintiff's exercise of his rights, Defendants discriminated and

19  retaliated against Plaintiff by withholding his pay and terminating his employment, among other

20  actions.

21        106.    As a direct and proximate result of Defendants' adverse employment actions against

22  Plaintiff, Plaintiff has suffered damages including, but not limited to, lost wages and lost benefits.

23  Plaintiff is entitled to reimbursement for all lost wages and lost benefits that resulted from

24  Defendants' violations of Labor Code § 232.

25        107.    As a result of the conduct of Defendants, as alleged herein, Plaintiff is entitled to

26  costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

27  //

28  //

PETRONELLI LAW GROUP, PC
2915 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

COMPLAINT FOR DAMAGES

**EIGHTH CAUSE OF ACTION**

**Retaliation and Wrongful Termination – Violation of Labor Code § 232.5**

**(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

108.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

109.    At all times relevant, Labor Code § 232.5 was in effect and prohibited an employer from discharging, formally disciplining, or otherwise discriminating against an employee who discloses information about the employer's working conditions.

110.    As stated herein, Plaintiff disclosed information about his wages and working conditions when he repeatedly complained to Defendants and discussed his wages with Caucasian employees to determine why he was not being paid as promised.

111.    In direct response to Plaintiff's exercise of his rights, Defendants discriminated and retaliated against Plaintiff by terminating his employment, among other actions.

112.    As a direct and proximate result of Defendants' adverse employment actions against Plaintiff, Plaintiff has suffered damages including, but not limited to, lost wages and lost benefits. Plaintiff is entitled to reimbursement for all lost wages and lost benefits that resulted from Defendants' violations of Labor Code § 232.5.

113.    As a result of the conduct of Defendants, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

**NINTH CAUSE OF ACTION**

**Retaliation and Wrongful Termination – Violation of Public Policy**

**(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

114.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

115.    At all times material hereto, Plaintiff was an employee of Defendants.

116.    At all times material hereto, the following statutes were in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding upon Defendants at the time of Plaintiff's employment, adverse employment action, and/or termination:

(a) Government Code § 12940(a) prohibits discrimination on the basis of race and

- 17 -

COMPLAINT FOR DAMAGES

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

1    ethnicity.

2      (b) Government Code § 12940(h) prohibits discrimination, retaliation, and termination

3        because an employee opposes practices forbidden by FEHA.

4      (c) Government Code § 12940(k) prohibits failure to prevent discrimination based on

5        race and ethnicity.

6      (d) Labor Code § 1197.5(b) prohibits an employer from paying any of its employees at

7        wage rates less than the rates paid to employees of another race or ethnicity for

8        substantially similar work, when viewed as a composite of skill, effort, and

9        responsibility, and performed under similar working conditions.

10      (e) Labor Code § 1197.5(k) prohibits an employer from discharging, or in any manner

11        discriminating or retaliating against, any employee by reason of any action taken by

12        the employee to invoke or assist in any manner the enforcement of Labor Code §

13        1197.5. Labor Code § 1197.5(k) also forbids an employer from prohibiting an

14        employee from disclosing the employee's own wages, discussing the wages of

15        others, inquiring about another employee's wages, or aiding or encouraging any

16        other employee to exercise his or her rights under this section.

17      (f) Labor Code § 98.6 prohibits retaliation against a worker for exercising rights

18        afforded to him, her, or others.

19      (g) Labor Code § 1102.5 prohibits retaliation against a worker for disclosing

20        information that the worker reasonably believes violates the law to a person with

21        authority over the worker.

22      (h) Labor Code §§ 232, 232.5 prohibit discharging, formally disciplining, or otherwise

23        discriminating against an employee who discloses the amount of his or her wages or

24        working conditions.

25      117.   As is set forth throughout the Complaint, Defendants were aware of Plaintiff's race

26    and ethnicity, and Defendants chose to constructively terminate Plaintiff rather than pay him his

27    agreed upon salary, commissions and reimburse his business expenses following his complaints

28    about unpaid wages and business expenses.

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

- 18 -

COMPLAINT FOR DAMAGES

118.    Defendants violated the law and the well-settled public policy set forth in the FEHA, by discriminating against, retaliating against, failing to prevent discrimination and retaliation, by taking adverse employment actions against Plaintiff as described above, and by ultimately terminating Plaintiff.

119.    As a direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, damages in an amount according to proof at trial.

120.    Plaintiff is informed and believe, and thereon allege, that Defendants committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure his and that such improper motives amounted to malice and a conscious disregard of his rights.  An award of punitive damages against Defendants is therefore warranted.

121.    As a result of the illegal conduct of Defendants, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

## TENTH CAUSE OF ACTION

**Failure to Reimburse Business Expenses (Labor Code §§ 2800, 2802)**

**(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

122.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

123.    At all relevant times, California Labor Code §§ 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

124.    Plaintiff incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitation, expenses for personal cell phone usage, hotels, toll roads, and travel and business-related expenses that resulted from Plaintiff's employment with Defendants.

125.    Defendants have intentionally and willfully failed to fully reimburse Plaintiff for necessary business-related expenses and costs.

126.    Plaintiff is entitled to recover from Defendants Plaintiff's business-related expenses incurred during the course and scope of Plaintiff's employment, plus interest, pursuant to California Labor Code §§ 2800 and 2802.

//

- 19 -

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

**ELEVENTH CAUSE OF ACTION**

**Failure to Pay Wages in Violation of Labor Code §§ 201-203**

**(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

127.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

128.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

129.    During the relevant time period, Defendants willfully failed to pay Plaintiff his wages and commissions, earned and unpaid, either at the time of discharge, or within 72 hours of him leaving Defendants' employ.

130.    Plaintiff's last paycheck did not include all wages owed to Plaintiff.

131.    Defendant has failed and refused to pay Plaintiff his final payment and all outstanding commissions despite Plaintiff's repeated complaints.

132.    Defendants' failure to pay Plaintiff his wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 201 and 202.

133.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

134.    Plaintiff is entitled to recover from Defendants his additionally accruing wages for each day he was not paid, at his regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203. Plaintiff requests that the Court award reasonable attorney's fees and costs incurred in this action.

//

//

PETRONELLI LAW GROUP, PC
295 REDONDO AVE, STE. 201
LONG BEACH, CA 90803

COMPLAINT FOR DAMAGES

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

**TWELFTH CAUSE OF ACTION**

**Failure to Pay Overtime in Violation of Labor Code § 510**

**(By Plaintiff against all Defendants)**

135.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

136.    At all relevant times, Plaintiff's employment with Defendants was subject to the provisions of the California Labor Code and the applicable IWC Wage Order, including the requirement to pay overtime wages to Plaintiff after he worked eight (8) hours per day or forty (40) hours per week, and the requirement to pay double time wages after twelve (12) hours of work per day.

137.    The applicable IWC Wage Order and Labor Code §§ 510, 1194 and 1198 require Defendants to pay Plaintiff overtime compensation at the prescribed hourly overtime rate for all hours worked in excess of eight (8) hours a day or forty (40) hours per week.

138.    At all times material hereto, Defendants routinely and systematically failed to properly record accurate time records for Plaintiff showing when he began and ended his work day, and routinely and systematically paid Plaintiff a fixed sum per day regardless of the hours worked that day or week.

139.    By failing to properly record hours and by paying Plaintiff a fixed sum per day worked regardless of the hours worked, Defendants routinely and systematically failed to pay Plaintiff for all overtime hours worked as required by California law.

140.    Labor Code §§ 510, 1194 and 1198 and the applicable Wage Order make it unlawful under California law to pay employees for overtime work at a rate less than the applicable overtime rate.

141.    As a direct and proximate result of Defendant's conduct in violation of Labor Code §§ 510, 1194 and 1198 and the applicable Wage Order, Plaintiff has suffered, and continues to suffer harm, including, but not limited to lost wages, lost overtime wages, loss of the use and enjoyment of those wages and interest, all to Plaintiff's damage in an amount according to proof at trial.

142.    Pursuant to Labor Code § 1194(a), Plaintiff requests that the Court award Plaintiff reasonable attorneys' fees, costs and interest on all due and unpaid wages, at the prevailing legal rate, accruing from the date the wages were due and payable.

143.    Pursuant to Labor Code § 218.5, Plaintiff requests that the Court award Plaintiff reasonable attorneys' fees and costs incurred in this action.

144.    Pursuant to Labor Code § 218.6, Plaintiff requests that the Court award Plaintiff interest on all due and unpaid wages, at the prevailing legal rate, accruing from the date the wages were due and payable.

## THIRTEENTH CAUSE OF ACTION

### Failure to Keep and Provide Accurate Itemized Wage Statements

### in Violation of Labor Code § 226

### (By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)

145.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

146.    Labor Code § 226(a) requires every employer, at the time of each payment of wages, to furnish each non-exempt employee with an accurate itemized statement showing, among other things, total hours worked by the employee, gross wages earned, all deductions taken, net wages earned, the dates of the period for which the employee is paid, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

147.    During Plaintiff's employment, Defendants failed to provide Plaintiff with accurate itemized wage statements that comply with Labor Code § 226. The statements were either absent or deficient in many ways, including, but not limited to, the following: they failed to show the total hours Plaintiff worked and they failed to state Plaintiff's rate of pay.

148.    As a direct, foreseeable, and proximate result of Defendants' knowing and intentional failure to provide accurate itemized pay statements to Plaintiff, Plaintiff suffered actual damages, and Plaintiff was deprived of earned wages in an amount according to proof at trial.

149.    Because Plaintiff was damaged as a proximate result of Defendants' failure to comply with Labor Code § 226(a), Plaintiff is entitled to recover the greater of Plaintiff's actual damages or

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

1  an aggregate penalty of $4,000, and is entitled to an award of costs and reasonable attorney's fees

2  pursuant to Labor Code § 226(e).

3  ## FOURTEENTH CAUSE OF ACTION

4  ### Failure to Pay Wages – Violation of Labor Code § 204

5  ### (By Plaintiff against all Defendants)

6  150.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

7  151.   Labor Code § 204 provides in part that "all wages . . . earned by any person in any

8  employment are due and payable twice during each calendar month, on days designated in advance

9  by the employer as the regular paydays."

10  152.   Plaintiff was not paid all earned wages, including premium wages for missed meal and

11  rest breaks, on regularly established paydays.

12  153.   In violation of Labor Code § 204, Defendants knowingly and willfully refused to

13  perform their obligations to compensate Plaintiff for all wages earned throughout Plaintiff's

14  employment.

15  154.   Plaintiff is currently entitled to payment for all unpaid wages, including all premium

16  wages for missed meal and rest breaks not paid to Plaintiff in violation of Labor Code § 204, in an

17  amount to be proven at trial.

18  155.   As a direct, foreseeable and proximate result of Defendants' actions, Plaintiff has

19  suffered and incurred the loss of monies for which Plaintiff was entitled to payment, all to Plaintiff's

20  damage in amount according to proof at trial.

21  156.   Pursuant to Labor Code § 1194(a), Plaintiff requests that the Court award Plaintiff

22  reasonable attorney's fees, costs incurred by Plaintiff in this action, and interest on all due and unpaid

23  wages, at the prevailing legal rate, accruing from the date the wages were due and payable.

24  157.   Pursuant to Labor Code § 218.5, Plaintiff requests that the Court award Plaintiff

25  reasonable attorney's fees and costs incurred by Plaintiff in this action.

26  158.   Pursuant to Labor Code § 218.6, Plaintiff requests that the Court award Plaintiff

27  interest on all due and unpaid wages, at the prevailing legal rate, accruing from the date the wages

28  were due and payable.

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

- 23 -

1

## FIFTEENTH CAUSE OF ACTION

2

### Failure to Provide Meal Periods – Violation of Labor Code §§ 226.7, 512

3

### (By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)

4

159.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

5

160.    Plaintiff was entitled to one thirty (30) minute, duty-free meal period for every five

6 (5) hours of work pursuant to applicable Industrial Welfare Commission Wage Orders, California

7 Code of Regulations and Labor Code §§ 226.7 and 512.

8

161.    Throughout his employment with Defendants, Plaintiff was not provided a thirty (30)

9 minute, duty-free meal period and Defendants required Plaintiff to perform duties during the times

10 he tried to take meal periods in violation of Labor Code § 226.7.  Defendants did not intend on

11 providing Plaintiff with a thirty (30) minute, duty-free meal period.

12

162.    As a result of Defendants' failure to provide Plaintiff with a thirty (30) minute, duty-

13 free meal period, Plaintiff is entitled to a premium wage of one (1) hour of pay for every day he did

14 not obtain his duty-free meal periods in a total amount to be determined at trial.

15

163.    Pursuant to Labor Code § 218.6, Plaintiff requests that the Court award Plaintiff

16 interest on all due and unpaid wages, at the prevailing legal rate, accruing from the date the wages

17 were due and payable.

18

## SIXTEENTH CAUSE OF ACTION

19

### Failure to Provide Rest Periods – Violation of Labor Code § 226.7

20

### (By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)

21

164.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

22

165.    Plaintiff is entitled to one ten (10) minute, duty-free rest period for every four (4)

23 hours of work pursuant to applicable Industrial Welfare Commission Wage Orders and California

24 Regulations.

25

166.    Throughout his employment with Defendants, Plaintiff was not provided ten (10)

26 minute, duty-free rest periods in violation of Labor Code § 226.7.  Defendants did not intend on

27 providing Plaintiff with all ten (10) minute, duty-free rest periods.

28

167.    As a result of Defendants' failure to provide Plaintiff with ten (10) minute, duty-free

PETRONELLI LAW GROUP, PC
295 REDONDO AVE, STE. 201
LONG BEACH, CA 90803

- 24 -

1   rest periods, Plaintiff is entitled to a premium wage of one (1) hour of pay for every day he did not

2   obtain both of his rest periods in an amount to be determined at trial.

3          168.   Pursuant to Labor Code § 218.6, Plaintiff requests that the Court award Plaintiff

4   interest on all due and unpaid wages, at the prevailing legal rate, accruing from the date the wages

5   were due and payable.

6                                   **SEVENTEENTH CAUSE OF ACTION**

7            **Violation of California Business & Professions Code § 17200, *et seq.***

8     **(By Plaintiff against Defendants BACKYARD LAWN MASTER and LAWN MASTER)**

9          169.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

10         170.   Defendants, and each of them, are "persons" as defined under Business & Professions

11   Code § 17021.

12         171.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

13   unlawful, and harmful to Plaintiff and to the general public.  Plaintiff seeks to enforce important

14   rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

15         172.   Defendants' activities, as alleged herein, are violations of California law, and

16   constitute unlawful business acts and practices in violation of California Business & Professions

17   Code § 17200, *et seq.*

18         173.   A violation of California Business & Professions Code § 17200, *et seq.* may be

19   predicated on the violation of any state or federal law.  All of the acts described herein as violations

20   of, among other things, the California Labor Code and Industrial Welfare Commission Wage Orders,

21   are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive,

22   fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business

23   practices in violation of California Business and Professions Code § 17200, *et seq.*

24                              **Failing to Pay Overtime**

25         174.   Defendants' failure to pay overtime compensation and other benefits in violation of

26   California Labor Code §§ 510, 1197, and 1198 constitutes unlawful and/or unfair activity prohibited

27   by Business and Professions Code § 17200, *et seq.*

28                              **Failing to Pay Wages**

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

- 25 -

1    175.    Defendants' failure to pay wages due and payable and failure to pay minimum wages

2    constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, *et*

3    *seq.*

4                        **Failing to Timely Pay Wages Upon Termination**

5    176.    Defendants' failure to timely pay wages upon termination in accordance with Labor

6    Code §§ 201, 202, 203 and 204, as alleged above, constitutes unlawful and/or unfair activity

7    prohibited by Business and Professions Code § 17200, *et seq.*

8                        **Failing to Provide Accurate, Itemized Wage Statements**

9    177.    Failure to provide Plaintiff with accurate, itemized wage statements as required by

10   Labor Code § 226.

11                        **Failing to Reimburse for all Business Expenses**

12   178.    Failure to reimburse for business expenses in violation of Labor Code § 2800, 2802.

13                        **Failing to Provide Meal and Rest Breaks**

14   179.    Failure to provide meal and rest breaks in violation of Labor Code §§ 226.7 and 512.

15   180.    By and through their unfair, unlawful and/or fraudulent business practices described

16   herein, Defendants have obtained valuable property, money and services from Plaintiff, and all

17   persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable

18   rights and benefits guaranteed by law, all to their detriment.

19   181.    Plaintiff suffered monetary injury as a direct result of Defendants' wrongful conduct.

20   182.    Plaintiff is entitled to, and does, seek such relief as may be necessary to disgorge the

21   profits which the Defendants have acquired, or of which Plaintiff have been deprived, by means of

22   the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff is not obligated

23   to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

24   183.    Plaintiff is further entitled to and do seek a declaration that the above described

25   business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the

26   Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or

27   fraudulent business practices in the future.

28   184.    Plaintiff has no plain, speedy, and/or adequate remedy at law to redress the injuries

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

- 26 -

1  which he has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business

2  practices. As a result of the unfair, unlawful and/or fraudulent business practices described above,

3  Plaintiff has suffered and will continue to suffer irreparable harm unless Defendants, and each of

4  them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business

5  practices.

6      185.    Pursuant to California Business & Professions Code § 17200, *et seq.*, Plaintiff is

7  entitled to restitution of the wages withheld and retained by Defendants during a period that

8  commences four years prior to the filing of this complaint; a permanent injunction requiring

9  Defendants to pay all outstanding wages due to Plaintiff, an award of attorneys' fees pursuant to

10  California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## EIGHTEENTH CAUSE OF ACTION

### Violation of the Private Attorneys General Act of 2004 – Labor Code §§ 2698, et seq.

### (By Plaintiff on behalf of himself and all other Aggrieved Employees against all Defendants)

14      186.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

15      187.    Plaintiff is an aggrieved employee under the Private Attorneys General Act

16  ("PAGA") because he was employed by Defendants during the applicable statutory period and

17  suffered one or more of the Labor Code violations set forth in this Complaint. Plaintiff seeks to

18  recover on his behalf, on the behalf of the Status, and on behalf of all current and former aggrieved

19  employees of Defendants, the civil penalties provided by PAGA, plus reasonable attorneys' fees and

20  costs in this representative action.

21      188.    As a result of the acts alleged herein, Plaintiff, as an aggrieved employee within the

22  meaning of Labor Code § 2699(c), on behalf of himself and other current and former non-exempt

23  territory managers, installers, technicians and the like of Defendants (hereinafter "Non-Exempt

24  Employees), seek the recovery of civil penalties against Defendants pursuant to PAGA for the

25  following knowing and intentional violations of the California Labor Code:

26          (a)    For failing to properly calculate all hours worked by Non-Exempt Employees;

27          (b)    For failing to pay Non-Exempt Employees overtime in violation of Labor

28              Code §§ 510, 1194 and 1198;

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

- 27 -

(c)     For failing to pay Plaintiff and other Non-Exempt Employees in timely, lawful intervals as required by Labor Code § 204;

(d)     For failing to provide required duty-free meal periods to Plaintiff and other Non-Exempt Employees in violation of Labor Code §§ 226.7 and 512;

(e)     For failing to pay Plaintiff and other Non-Exempt Employees the additional hour of compensation earned for every shift that a mandated meal period was denied – in violation of Labor Code § 226.7(b);

(f)     For failing to authorize/permit required rest periods to Plaintiff and other Non-Exempt Employees in violation of Labor Code § 226.7;

(g)     For failing to pay Plaintiff and other Non-Exempt Employees the additional hour of compensation earned for every shift that a mandated rest period was denied in violation of Labor Code § 226.7(b);

(h)     For failing to reimburse business expenses in violation of Labor Code §§ 2800, 2802;

(i)     For failing to provide accurate and itemized wage statements in violation of Labor Code §§ 226 and 226.3;

(j)     For failing to pay Plaintiff and other Non-Exempt Employees the legally-mandated minimum wage for each hour worked in violation of Labor Code §§ 1197 and 1197.1;

(k)     For violating Labor Code § 1198;

(l)     For failing to maintain records in violation of Labor Code § 1174;

(m)     For failing to pay wages promptly following the termination or resignation of employment, or when due and payable, in violation of Labor Code §§ 201, 202, 203 and 204;

(n)     For failing to record statutorily mandated meal periods in violation of Labor Code § 1198; and,

(o)     For failing to pay wages in violation of Labor Code § 558.

189.     The above-referenced civil penalties shall include the recovery of amounts specified

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

COMPLAINT FOR DAMAGES

in the applicable sections of the Labor Code, and if not specifically provided, those under section 2699(f), and shall include those amount sufficient to recover underpaid wages, including all necessary expenditures or losses incurred by Plaintiff and other Non-Exempt Employees, pursuant to Labor Code §§ 210, 225.5, 226.3, 226.8, 558(a), 1197.1(a), 2801, 2802 and 2699(a) & (f).

190.    With respect to violations of Labor Code § 204, Labor Code § 210 imposes a civil penalty (apart from other penalties) of $100 for each initial violation, and $200 for each subsequent violation, in addition to 25% of the amount unlawfully withheld.

191.    With respect to violations of Labor Code § 226, Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of $250/per aggrieved employee for the first violation, and $1000/per aggrieved employee for each subsequent violation of Labor Code § 226(a).

192.    With respect to violations of Labor Code § 510, Labor Code § 558 imposes a civil penalty in addition to any other penalty provided by law of $50 for the initial violation for each underpaid employee for each pay period in addition to an amount equal to the employee's underpaid wages, and $100 for subsequent violations for each underpaid employee for each pay period in addition to an amount equal to the employee's underpaid wages.  Plaintiff seeks civil penalties in the amount of unpaid wages owed to aggrieved employees pursuant to Labor Code § 558(a)(3).

193.    Labor Code §§ 2699, et seq. imposes a civil penalty of $100/per pay period, per aggrieved employee for initial violations, and $200/per pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

194.    Plaintiff reserves the right to allege any additional and all other violations of the Labor Code and the applicable Wage Order as may be disclosed in discovery and as a result of additional investigation that may be pursued in this action.

195.    On or about September 21, 2020, Plaintiff sent a letter by Certified U.S. Mail to Defendant BACKYARD LAWN MASTER, LLC, Defendant LAWN MASTER OUTDOOR LIVIGING, LLC, and Defendant SHANE LEATH and other related entities and individuals, giving notice of Defendants' Labor Code and Wage Order violations, as alleged herein.

196.    The September 21, 2020 notice to Defendants and the LWDA gave notice of

COMPLAINT FOR DAMAGES

1   Plaintiff's intent to prosecute a private enforcement action to assess and recover civil penalties under
2   PAGA in the event the LWDA, following review, declines to investigate the asserted violations of
3   the California Labor Code and applicable IWC Wage Order.

4       197.   As of November 23, 2020, the LWDA had Plaintiff's demand under review for more
5   than sixty (60) days and has not notified Plaintiff of its intent to investigate the foregoing asserted
6   violations.

7       198.   To the extent applicable, Plaintiff has satisfied the requirements of Labor Code §
8   2699.3.

9       199.   Plaintiff was compelled to retain the services of counsel to file this court action to
10  protect his interests and those of Defendants' other former and current Non-Exempt Employees, and
11  to assess and collect the civil penalties owed by Defendants. Plaintiff has thereby incurred attorneys'
12  fees and costs, which he is entitled to recover under Labor Code § 2699.

13  **PRAYER FOR RELIEF**

14      WHEREFORE, Plaintiff SAM CEBALLOS prays for judgment against BACKYARD
15  LAWN MASTER, LLC, LAWN MASTER OUTDOOR LIVING, LLC, SHANE LEATH and
16  DOES 1-100, and each of them, as follows to the full extent allowed by law:

17      1.   For actual damages, including loss of past and future earnings, in an amount
18      according to proof at trial;

19      2.   For general and special damages, including but not limited to, pain and suffering,
20      emotional distress, and loss of reputation in an amount according to proof at trial;

21      3.   For consequential and incidental damages and expenses in an amount according to
22      proof at trial;

23      4.   For punitive damages in an amount according to proof at trial;

24      5.   For reasonable attorneys' fees according to proof at trial;

25      6.   For any and all penalties under the law;

26      7.   A temporary, preliminary, and permanent injunction enjoining Defendants' unfair
27      and illegal practices as described above;

28      8.   Damages pursuant to California Code of Civil Procedure, Section 1021.5, for

1    litigation costs, expert costs, and attorneys' fees incurred herein;

2    9.    As award of civil penalties pursuant to PAGA;

3    10.    An award of reasonable attorneys' fees and costs pursuant to California Labor Code

4    § 2699(g) and/or other applicable law;

5    11.    For pre-judgment and post-judgment interest, all at the legal prevailing rate;

6    12.    For costs of suit incurred herein; and,

7    13.    For such other and further relief as the court may deem just, proper, and equitable.

8

9

10    Dated:  December 28, 2020                    PETRONELLI LAW GROUP, PC

11

12                                            By:

13                                                CHRISTIAN J. PETRONELLI, ESQ.
                                                 DAYNA C. CARTER, ESQ.
14

15                                                *Attorneys for Plaintiff*
                                                 SAM CEBALLOS
16

17

18

19

20

21

22

23

24

25

26

27

28

PETRONELLI LAW GROUP, PC
295 REDONDO AVE., STE. 201
LONG BEACH, CA 90803

- 31 -

COMPLAINT FOR DAMAGES

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff hereby respectfully demands a trial by jury for all triable issues alleged herein in

3    the Complaint for Damages.

4

5    Dated:  December 28, 2020              PETRONELLI LAW GROUP, PC

6

7                                          By:

8                                              CHRISTIAN J. PETRONELLI, ESQ.
                                               DAYNA C. CARTER, ESQ.
9

10                                             *Attorneys for Plaintiff*
                                               SAM CEBALLOS
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 32 -

COMPLAINT FOR DAMAGES

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2000605

**Case Name:**    CEBALLOS vs BACKYARD LAWN MASTER LLC A DELAWARE COMPANY

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Judge Chad Firetag in Department 3  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.




| | |
|---|---|
| Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 01/04/2021                                    W. SAMUEL HAMRICK JR.,
                                                     Court Executive Officer/Clerk of Court


                                            by: *X. Villanueva*
                                                _____
                                                L. Villanueva, Deputy Clerk

CI-NODACV
(Rev. 10/01/19)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2000605

**Case Name:**   CEBALLOS vs BACKYARD LAWN MASTER LLC A DELAWARE COMPANY

Christian J. Petronelli
295 REDONDO AVE STE 201
Long Beach, CA 90803

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/06/2021 | 8:30 AM | Department 3 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.



Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.



Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/04/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: *L. Villanueva*

L. Villanueva, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2000605

**Case Name:**   CEBALLOS vs BACKYARD LAWN MASTER LLC A DELAWARE COMPANY

SAM CEBALLOS

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/06/2021 | 8:30 AM | Department 3 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.



Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.



Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/04/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _L. Villanueva_____
L. Villanueva, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**  CVRI2000605

**Case Name:**  CEBALLOS vs BACKYARD LAWN MASTER LLC A DELAWARE COMPANY

BACKYARD LAWN MASTER LLC A DELAWARE COMPANY

### NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/06/2021 | 8:30 AM | Department 3 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/04/2021                                      W. SAMUEL HAMRICK JR.,
                                                       Court Executive Officer/Clerk of Court


                                                       by: _L. Villanueva_____
                                                           L. Villanueva, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2000605

**Case Name:**   CEBALLOS vs BACKYARD LAWN MASTER LLC A DELAWARE COMPANY

SHANE LEATH

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/06/2021 | 8:30 AM | Department 3 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/04/2021                                    W. SAMUEL HAMRICK JR.,
                                                     Court Executive Officer/Clerk of Court


                                            by: L. Villanueva
                                                _____
                                                L. Villanueva, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2000605

Petronelli, Christian J.                    CEBALLOS, SAM
295 REDONDO AVE STE 201
Long Beach, CA 90803
                                            LEATH, SHANE

BACKYARD LAWN MASTER LLC A
DELAWARE COMPANY